IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY JAMAL WHITE,<br>    ID # 3647-21,<br>        Plaintiff,<br>vs.<br><br>NFN DEPALMA, et al.,<br>        Defendants. | )<br>)<br>)<br>) No. 3:22-CV-0167-C-BH<br>)<br>)<br>) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the full filing fee for this case.

### I.  BACKGROUND

Timothy Jamal White (Plaintiff) brings this civil rights action under 42 U.S.C. § 1983 against two officers at the Ellis County Detention Center (Defendants) for alleged excessive force. (doc. 3 at 2-3.)[2] He contends that one of the officers slammed his head into a wall, causing him injuries for which he needs immediate medical attention. (*Id.* at 3.) In response to his grievance concerning the incident, the grievance officer found that as Plaintiff was being escorted out of the tank due to his aggressive behavior against another inmate, he began actively resisting the officer, and that the officer placed Plaintiff against the wall until another officer arrived to escort him out of the tank. (*Id.* at 5.) He seeks medical attention and monetary damages. (*Id.*)  Plaintiff has neither prepaid the full filing fee for this action or filed a motion seeking to proceed *in forma pauperis*.  No process has been issued.

---

[1]  By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for full case management.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

## II.  THREE STRIKES

As a prisoner apparently seeking to proceed without prepayment of fees, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury.  *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Plaintiff has had at least three prisoner civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266 (N.D. Tex. Dec. 9, 2021), *rec. adopted by* 2022 WL 94171 (N.D. Tex. Jan. 10, 2022) (dismissing claims against judge based on judicial immunity and against jail as a non-jural entity, and expressly counting dismissal as a strike); *White v. Ellis County Commissioners Court et al.*, No. 3:19-CV-3017-M, 2021 WL 2446200 (N.D. Tex. May 19, 2021), *rec. adopted by* 2021 WL 2435352 (N.D. Tex. June 15, 2021) (dismissing claims against county, jail commissioner, sheriff, and jail officers in their official capacities for failure to state a claim and expressly counting dismissal as a strike); *White v. Edge et al.*, No. 3:18-CV-860-B-BN, 2018 WL 2303804 (N.D. Tex. Apr. 25, 2018), *rec. adopted by* 2018 WL 2301842 (N.D. Tex. May 21, 2018) (dismissing claims against sheriff, mayor, and jail administrators after the plaintiff failed to file an amended complaint containing sufficient facts to allege a plausible claim for relief).  Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to

imminent danger of serious physical injury. Plaintiff has made no allegations suggesting that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III.  RECOMMENDATION

Plaintiff should be denied leave to proceed without prepayment of fees, and his claims should be summarily **DISMISSED** without prejudice under 28 U.S.C. § 1915(g) unless he pays the full $402 filing fee[3] prior to acceptance of this recommendation, or before a deadline otherwise established by the Court.

**SO RECOMMENDED this 28th day of January, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account; the $52 administrative fee will not be deducted. *Id*.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                        IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE